```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
CHARLIE SANDERS,
                                   :
              Plaintiff,               REPORT & RECOMMENDATION
                                   :
         -against-                     14 cv. 7210 (PAC)(MHD)
                                   :
OFFICER SENA WILLIAMS,
                                   :
              Defendant.
----------------------------------x
```

TO THE HONORABLE PAUL A. CROTTY, U.S.D.J.:

<u>Pro</u> <u>se</u> plaintiff Charlie Sanders has sued New York City Police Officer Sena Williams, asserting claims against him under 42 U.S.C. § 1983 stemming from plaintiff's arrest at Grand Central Terminal and his subsequent conviction on a misdemeanor charge of assault in the third degree. Defendant has moved to dismiss the complaint under Rule 12(c) for failure to state a claim, or based on a defense of collateral estoppel.

For the reasons that follow, we recommend that the motion be granted because plaintiff fails to plead a plausible claim.

<u>The Complaint</u>

Mr. Sanders alleges that on July 23, 2014 he was at Grand

1

Centra Terminal, when he was assaulted by another man, who hit him in the face and pushed him to the ground, causing some injuries to his lip and head. He goes on the assert that the defendant police officer mistakenly arrested him instead of his assailant. He was initially sent to a hospital for outpatient treatment, and, according to the criminal complaint, was charged with second-degree assault, second-degree menacing and fourth-degree criminal possession of a weapon. He subsequently pled guilty to third-degree assault, apparently on August 6, 2014, and was sentenced to thirty days of confinement.

Plaintiff insists that he was the victim, and not the perpetrator, of the assault. He alleges that he lost 30 days out of his life and suffered in various ways from jail conditions. In further explanation at a pretrial conference, he stated that his assailant had lied to the police -- apparently as to plaintiff's conduct -- and that "the police officer took his [the assailant's] side" because of an earlier incident in which plaintiff had gotten angry at a security guard who "called the cops on me." (April 24, 2015 Tr. 2-3).

According to plaintiff, his assailant did not show up for the grand jury because of his earlier lie to the police. He infers that

2

it was for that reason that the prosecutor agreed to let him take a plea to a misdemeanor rather than a felony. (Id.).

## II. Defendant's Motion

Defendant properly interprets the pro se complaint to embody claims for false arrest and malicious prosecution. He moves to dismiss, principally on the basis that plaintiff's guilty plea to the lesser assault charge precludes his current assertion of these claims. (Deft'S Mem. 4-7). In pursuing his argument, he also invokes the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). (Deft's Mem. 4-6). Defendant asserts, in the alternative, that plaintiff's claims are barred by collateral estoppel (id. 7-9), and that as a matter of fact probable cause supported plaintiff's arrest and prosecution. (Id. 10-11). Finally, to the extent that the complaint may be read to assert state-law claims, defendant seeks their dismissal as well for failure to pursue required administrative remedies. (Id. 11-12).

## ANALYSIS

We start by briefly summarizing the standards by which motions for dismissal under Rule 12(c) -- and by extension Rule 12(b)(6) --

3

are to be assessed.

I. <u>Rule 12(c) and 12(b)(6) Criteria</u>

The standards for assessing a motion to dismiss under Rule 12(c) are identical to those applicable to motions under Rule 12(b)(6). <u>E.g.</u>, <u>Patel v. Contemporary Classics of Beverly Hills, Inc.</u>, 259 F.3d 123, 126 (2d Cir. 2001)(citing <u>Irish Lesbian & Gay Org. V. Giuliani</u>, 143 F.3d 638, 644 (2d Cir. 1998). We therefore first address the 12(b)(6) criteria.

When the court assesses such a motion, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>abrogated on other grounds by</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982); <u>accord</u>, <u>e.g.</u>, <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 476 (2d Cir. 2006). In addressing such a motion, the court must assume the truth of the well-pled factual allegations of the complaint and must draw all reasonable inferences against the movant. <u>See</u>, <u>e.g.</u>, <u>Achtman v. Kirby, McInerney & Squire, LLP</u>, 464 F.3d 328, 337 (2d Cir. 2006); <u>Still v. DeBuono</u>, 101 F.3d 888, 891 (2d Cir. 1996). The pleader may not rely, however, on allegations that are only bare legal

4

conclusions, see Starr v. Sony BMG Music Entm't, 592 F.3d 314, 317 n.1 (2d Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)), or on "legal conclusions couched as factual allegations." Id. at 321 (quoting Port Dock & Stone Corp. v. Old Castle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007)).

The traditional test on a Rule 12(b)(6) motion required that the complaint not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Leibowitz v. Cornell Univ., 445 F.3d 586, 590 (2d Cir. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has since rejected this formulation, however, and hence a complaint is now subject to dismissal unless its factual allegations, if credited, make the claim "plausible." See Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560-61 (2007). The court thus must look to the well-pled factual allegations and determine whether, if true, those allegations would permit a reasonable inference that the defendant is liable. See, e.g., Iqbal, 556 U.S. at 677-79. While this does not require a party to plead "detailed factual allegations" to survive a motion to dismiss, Starr, 592 F.3d at 321 (quoting Twombly, 550 U.S. at 555), it does require that "'the plaintiff plead[] factual content that allows the court to draw the

5

reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678). Thus, "an unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. Iqbal, 556 U.S. at 678.

In short, the pleading must do more than "tender[] naked assertion[s] devoid of further factual enhancement," id. (internal quotation marks omitted), and in doing so must "'raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc., 493 F.3d at 98 (quoting Twombly, 550 U.S. at 555). "This standard 'is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" Vaughn v. Air Line Pilots Ass'n, Int'l, 604 F.3d 703, 709 (2d Cir. 2010) (quoting Iqbal, 556 U.S. at 678). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678.

When addressing a 12(b)(6) motion, the court may not consider evidence proffered by the moving party or its opponent. Rather, the court is limited to reviewing the four corners of the complaint, any documents attached to that pleading or incorporated in it by reference, any documents that are "integral" to the plaintiff's

6

allegations even if not explicitly incorporated by reference, and facts of which the court may take judicial notice. See, e.g., ATSI Commc'ns, Inc., 493 F.3d at 98; Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007); Leonard F. v. Israel Disc. Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999). In this regard, "[a] court may take judicial notice of a document filed in another court [though] not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Global Network Communics., Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006)(quoting International Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)).

In view of plaintiff's status as an untutored pro se litigant, we read his complaint and motion papers liberally and derive from them the most reasonable claims and arguments that they may be read to imply. See, e.g., Triestman, 470 F.3d at 474-76. Moreover, liberal pleading rules apply "with particular stringency to [pro se] complaints of civil rights violations." Phillip v. Univ. of Rochester, 316 F.3d 291, 293-94 (2d Cir. 2003). However, the "plausibility" standard articulated in Twombly and Iqbal applies to the pleadings of pro se plaintiffs as well as to those of represented litigants. See, e.g., Teichmann v. New York, 769 F.3d

7

821, 825 (2d Cir. 2014); see also Muhammad v. Juicy Couture/Liz Claibourne, Inc., 2010 WL 4032735, *2-3 (S.D.N.Y. July 30, 2010).

II. Assessment of Plaintiff's Federal Claims

A. False Arrest

The federal version of claims for false arrest or false imprisonment generally incorporates the elements of the common-law tort of false arrest, as recognized in New York courts. See, e.g., Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003); Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Hence the plaintiff must plead and demonstrate (1) that the defendant intended to confine him, (2) that the plaintiff was conscious of the confinement, (3) that the plaintiff did not consent to the confinement and (4) that the confinement was not otherwise privileged. E.g., Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995); Garnett v. City of New York, 2014 WL 3950904, *6 (S.D.N.Y. Aug. 13, 2014). The arrest is deemed privileged if the arresting officer had probable cause at the time, and it is the plaintiff's burden to plead and demonstrate a lack of probable cause. E.g., Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006); Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002).

The Second Circuit has held that if, subsequent to an arrest, the arrestee has been convicted on a charge that formed the basis for the arrest, that conviction conclusively establishes probable cause for purposes of precluding a false-arrest claim. See, e.g., Cameron v. City of New York, 806 F.2d 380, 387 (2d Cir. 1986). Accord, e.g., Johnson v. City of New York, 551 F. Appx. 14, 15 (2d Cir. Jan. 22, 2014); Cracco v. City of New York, 2015 WL 6738332, *3 (S.D.N.Y. Nov. 4, 2015); Roundtree v. City of New York, 778 F. Supp. 614, 617 (E.D.N.Y. 1991)(citing cases). The courts in this circuit have further held that even a conviction on a lesser offense than was the basis for the arrest suffices to establish probable cause for purposes of defeating this claim. See, e.g., Johnson, 551 F. Appx. at 14-15; Jaegly, 439 F.3d at 154; Houston v. City of New York, 2013 WL 1310554, *3-4 (E.D.N.Y. March 28, 2013); Desir v. Desena, 2013 WL 678186, *3 (E.D.N.Y. Feb. 24, 2013)(citing cases). This follows from the Supreme Court's holding that a false-arrest claim will fail if there was probable cause for the arrest, even if it is for a crime different from that relied upon at the time by the arresting officer. See Devenpeck v. Alford, 543 U.S. 146, 153 (2004); Jaegly, 439 F.3d at 153-54 & n.1.

In this case we may take notice of the charges preferred in the criminal complaint, which included second-degree assault.

9

(DeCastro Decl. Ex. E). As plaintiff freely admits, and as is confirmed by the disposition certificate proffered by defendants -- of which we may also take notice -- he pled guilty to the lesser offense of third-degree assault. (DeCastro Decl. Ex. B). These facts, which are not disputed, preclude plaintiff's assertion of his false-arrest claim. E.g., Horvath v. City of New York, 2015 WL 1757759, *3 (E.D.N.Y. April 17, 2015); Houston, 2013 WL 1310554 at *3-4; Desir, 2013 WL 678186 at *3; Hope v. City of New York, 2010 WL 331678, *2 (E.D.N.Y. Jan. 22, 2010).[1]

We further note an alternative basis on which to find that plaintiff cannot plausibly allege that the defendant officer lacked probable cause. Although not explicitly referred to in the pro se complaint, by plaintiff's own account the individual whom he accuses of assaulting him apparently complained to the police that he had been the victim and that plaintiff was the assailant. Thus, in explaining his complaint Mr. Sanders referred to this other individual as having lied to the police about the incident, and as having failed to appear to testify in the grand jury because of his

---

[1] In reaching this conclusion on plaintiff's false-arrest claim, we do not rely on Heck. See Johnson, 551 F. Appx. at 14 (referring to Poventud v. City of New York, 750 F.3d 121, 132 (2d Cir. 2014)(en banc)). We also do not rely on defendant's invocation of collateral estoppel. See, e.g., Kent v. Katz, 312 F.3d 568, 577 (2d Cir. 2002)(Newman, C.J., concurring)(citing Cameron, 806 F.2d at 386-89).

original falsehood. (April 24, 2015 Tr. 2-3. See also Pl.'s Oppos. (Doc. # 27) at third page ("When it was time for the Grand Jury, I was the only one there"). This account is also consistent with plaintiff's allegation in his complaint that the police "are human and can be wrong . . . and they are wrong here" (Am. Compl. ¶ II(D)), as well as with the criminal complaint, which identifies a Mr. Wright as the complainant who told the police that Mr. Sanders had "swung a metal chain with locks on it in close proximity to [the complainant] and struck [him] in the hand with said metal chain with locks on it, causing a laceration . . . ." (DeCastro Decl. Ex. E).

The probable-cause requirement to effect an arrest is generally satisfied when an officer is advised by a member of the public that an identified individual committed a crime against the accuser. See, e.g., Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001); Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000). Since plaintiff himself has conceded that there was a complainant who accused him -- even if falsely -- of assault, plaintiff's pleading (as further elucidated by him) cannot be read to state a plausible claim for false arrest.

B. <u>Malicious Prosecution</u>

Plaintiff's malicious-prosecution claim fails for comparable reasons. A federal claim of malicious prosecution parallels New York law and has four required elements: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceedings in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." <u>Manganiello v. City of New York</u>, 612 F.3d 149, 160-61 (2d Cir. 2010) (internal quotation marks omitted); <u>Williams v. Young</u>, 769 F. Supp.2d 594, 603 (S.D.N.Y. 2011). Plaintiff's complaint fails to plead that the proceedings in question ended "in plaintiff's favor."[2]

As noted, plaintiff pled guilty to third-degree assault. The only question about the effect of plaintiff's plea in this case arises from the fact that plaintiff pled to a lesser crime than

---

[2] Again, we note that we do not rely on <u>Heck</u> since plaintiff did not have the practical ability to pursue habeas relief from his thirty-day sentence. <u>See</u>, e.g., <u>Leather v. Eyck</u>, 180 F.3d 420, 423-24 (2d Cir. 1999); <u>Jenkins v. Haubert</u>, 179 F.3d 19, 21, 25-26 (2d Cir. 1999); <u>Scott v. City of White Plains</u>, 2012 WL 1267873, *3 (S.D.N.Y. April 10, 2012); <u>Hope</u>, 2010 WL 331678 at *2. <u>See also</u> <u>Teichmann</u>, 769 F.3d at 827-28 (Livingston, C.J., concurring in part). Notwithstanding that exception to <u>Heck</u>, the requirement of a favorable termination still applies, and it precludes plaintiff's claim. <u>See</u>, e.g., <u>Johnson</u>, 551 F. Appx. at 14-15; <u>Hope</u>, 2010 WL 331678 at *3.

12

what was charged in the criminal complaint, and thus the charges in that instrument did not themselves form the basis for plaintiff's conviction. See generally DiBlasio v. City of New York, 102 F.3d 654, 655 (2d Cir. 1996); Kent, 312 F.3d at 577 (Newman, C.J., concurring). The short answer is that the conviction, whether by plea or trial, on a lesser offense is still inconsistent with the requirement of a favorable termination. See Proventud, 750 F.3d at 131-32 (discussing DiBlasio, 102 F.3d at 658-59). As the Proventud Court observed regarding DiBlasio (in which the plaintiff had been convicted on retrial only on a lesser charge), "[t]he fact that the ultimate conviction was on a lesser count was irrelevant, because the charges arising out of the criminal transaction had to be brought together and as a whole 'the State's case did not end in failure or in DiBlasio's favor.'" 750 F.3d at 132. The Court then concluded, "DiBlasio's § 1983 malicious prosecution claim was thus properly Heck-barred (despite the fact that his initial conviction was vacated) because malicious prosecution under New York law requires 'favorable termination of the proceedings', and a valid conviction on the lesser crime prevented the court from finding a 'favorable termination.'" Id.

In sum, plaintiff's malicious-prosecution claim fails as well.

13

III. <u>Possible State-Law Claims</u>

Defendant also seeks dismissal of plaintiff's unarticulated, but perhaps implicit, state-law claims, contending that he has failed to satisfy the requirement embodied in the New York General Municipal Law that the would-be claimant on a state-law claim against the City of New York or one of its employees must first file an administrative claim. (Deft's Mem. at 11-12 (citing N.Y. Gen. Mun. L. §§ 50-k(6), 50-e(1)(a)). Defendant does not proffer any evidence of such non-filing, but rather relies on the absence of any allegation by plaintiff in his complaint that he has so complied.

Since the fact of non-filing is provable by evidence, which defendant fails to supply, and since plaintiff is an untutored <u>pro se</u> litigant, on the current record we are reluctant to recommend dismissal on this basis. Rather, we believe that a sounder ground for dismissal of the hypothesized state-law claims is found in the analysis, already provided, demonstrating plaintiff's inability to plead a plausible federal claim for false arrest and malicious prosecution. Since these federal claims parallel the requirements of the equivalent state-law claims, <u>see</u>, <u>e.g.</u>, <u>Colon v. City of New York</u>, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455 (1983)(malicious

prosecution); Broughton v. State, 37 N.Y.2d 451, 456-57, 373 N.Y.S.2d 87, 93 (1975)(false arrest), it necessarily follows that any parallel state claims are subject to dismissal on the same basis as the mirror-image federal claims.[3]

CONCLUSION

For the reasons stated, we recommend that defendant's motion to dismiss be granted. Although ordinarily the dismissal of a pleading, particularly by a pro se plaintiff, should be with leave to amend if a colorable claim can be pled, see, e.g., Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999), in this case we recommend dismissal with prejudice as the conceded conviction of plaintiff bars his claims.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file

---

[3] An alternative ground for dismissal of the state claims, albeit without prejudice to their refiling in state court, is that supplied by caselaw governing this court's supplemental jurisdiction under 28 U.S.C. § 1367(a). Since the federal claims that provided the hook for any assertion of state claims in this court would be dismissed, this court may, and indeed should, decline to retain the state-law claims. See, e.g., In re Merrill Lynch Ltd. Partnership Litig., 154 F.3d 56, 61 (2d Cir. 1998); Ergowerx Int'l, LLC v. Maxell Corp. Of America, 18 F. Supp.3d 453, 455-56 (S.D.N.Y. 2014).

15

written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Paul A. Crotty, Room 1350, 500 Pearl Street, New York, New York 10007 and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d); Thomas v. Arn, 470 U.S. 140, 150-52 (1985); DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)).


Dated: New York, New York
       November 10, 2015


_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

16