| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>CHARLIE SANDERS,<br><br>                  *Plaintiff*,<br><br>   -against-<br><br>SENA WILLIAMS,<br><br>                 *Defendant*.<br><br>------------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: December 4, 2015<br><br>14 Civ. 7210 (PAC) (MHD)<br><br>**OPINION & ORDER<br>ADOPTING REPORT &<br>RECOMMENDATION** |

HONORABLE PAUL A. CROTTY, United States District Judge:

      This is a 42 U.S.C. § 1983 action brought by *pro se* Plaintiff Charlie Sanders claiming false arrest and malicious prosecution.  Defendant NYPD Officer Sena Williams moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  In a Report & Recommendation ("R&R"), dated November 10, 2015, Magistrate Judge Michael H. Dolinger recommended granting the motion because Plaintiff's claims are barred due to his guilty plea to third-degree assault.  The Court agrees and GRANTS the motion for judgment on the pleadings.

## BACKGROUND

      As alleged in the Amended Complaint, on July 23, 2014 when Plaintiff was working at his job selling newspapers at Grand Central Terminal, he was attacked by a drunk man.  An altercation ensued in which the man hit Plaintiff in the face and pushed him to the ground.  Plaintiff suffered whiplash and a lacerated lip.  Nonetheless, Defendant erroneously arrested Plaintiff, who was brought to a hospital to treat his injuries and then held in custody.  Plaintiff was charged with second-degree assault, second-degree menacing, and fourth-degree criminal

1

possession of a weapon. He subsequently pleaded guilty to third-degree assault and was sentenced to thirty days of imprisonment. Plaintiff alleges that he was the victim, not the perpetrator, of the altercation. He asserts that the arrest, prosecution and imprisonment were unlawful.

## DISCUSSION

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no objections are made, the Court reviews the R&R for clear error. *Terio v. Michaud*, No. 10 cv 4276 (CS), 2011 WL 2610627, at *1 (S.D.N.Y. June 27, 2011).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). When assessing a motion to dismiss for failure to state a claim, the court accepts as true all of the factual allegations contained in the complaint and construes the complaint in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this standard applies to complaints submitted by *pro se* plaintiffs, such pleadings are read liberally and the court derives from them the most reasonable claims and arguments that they may be read to imply. *See Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014). The court may consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case," including arrest reports and criminal complaints. *Roberts v. Babkiewicz,* 585 F.3d 418, 419 (2d Cir. 2009).

The Court reads Plaintiff's Amended Complaint to bring claims for false arrest and malicious prosecution. The R&R determined that both claims necessarily fail because Plaintiff

pleaded guilty to the lesser offense of third-degree assault.[1]  The Court agrees and adopts the R&R in full.  To prevail on a claim for false arrest or malicious prosecution, Plaintiff must demonstrate that Defendant lacked probable cause to arrest him.  *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *Swartz v. Insogna*, 704 F.3d 105, 111-12 (2d Cir. 2013).  Since Plaintiff's guilty plea established probable cause as a matter of law, both claims necessarily fail.  *See Cameron v. Fogarty*, 806 F.2d 380, 388-89 (2d Cir. 1986).

## CONCLUSION

The Court adopts the R&R in full and GRANTS the motion for judgment on the pleadings with prejudice.  Pursuant to 28 U.S.C § 1915(a), the Court finds that any appeal from this order would not be taken in good faith.  The Clerk is directed to enter judgment in favor of Defendant and terminate 14 cv 7210.

Dated: New York, New York  
      December 4, 2015

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge

Copy mailed by chambers to:

Charlie Sanders  
148 Van Pelt Avenue, Apt. 1  
Staten Island, NY 10303

---

[1] Plaintiff does not object to the R&R.